NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEN BAGHDASARIAN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>AMAZON.COM INC.,<br><br>Defendant - Appellee. | No. 10-55012<br><br>D.C. No. 2:05-cv-08060-AG-CT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted October 12, 2011[**]
Pasadena, California

Before: LEAVY and WARDLAW, Circuit Judges, and SESSIONS, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William K. Sessions, III, District Judge for the U.S. District Court for Vermont, Burlington, sitting by designation.

Alen Baghdasarian appeals the district court's grant of summary judgment in favor of Amazon.com, Inc. Baghdasarian argues that the district court incorrectly found that there was no genuine issue of material fact as to whether he established reliance as required by California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq*. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

No genuine issue of material fact exists as to whether Baghdasarian relied upon Amazon's policy regarding its shipping and handling fee in deciding to purchase books through the Amazon Marketplace. The UCL requires a plaintiff to have "lost money or property *as a result of*" the business practice or act at issue. Cal. Bus. & Prof. Code § 17204 (emphasis added). The UCL's "as a result of" language imposes an "actual reliance" requirement, thus, to prevail, a plaintiff must establish that the alleged misrepresentation was an "immediate cause" or "substantial factor" in the plaintiff's decision to engage in the injury-producing conduct. *In re Tobacco II Cases*, 46 Cal. 4th 298, 326-27 (2009).

When deposed, Baghdasarian testified that his decision to purchase books through the Marketplace was driven by total cost and security, factors that are unrelated to Amazon's alleged misrepresentation. He also testified that even if he had been aware of Amazon's practices with regard to the shipping and handling fee, he would not have been deterred from making the purchases. Although

Baghdasarian asserts he believed and relied upon Amazon's representations regarding the shipping and handling fee, no evidence indicates that those representations were an "immediate cause" or "substantial factor" in his decision to purchase books through the Marketplace. Indeed, given Baghdasarian's testimony that in making his purchasing decisions he shops comparatively to pay the lowest cost, including shipping, the existence of a hidden "holdback fee" in Amazon's price was not a factor that could have affected his decision to purchase on the Marketplace.

We therefore affirm the district court's conclusion that Baghdasarian cannot demonstrate actual reliance. We do not reach the issue of whether plaintiff established a genuine issue of material fact as to whether Baghdasarian lost money or property. *Cf. Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011).

**AFFIRMED.**